# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2013

No. 12-60512

Lyle W. Cayce
Clerk

JUAN CARLOS OJEDA-CALDERON,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before JONES, SMITH, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Petitioner Ojeda-Calderon ("Ojeda") petitions this court for review of the Board of Immigration Appeals ("BIA") decision denying his appeal from the decision of the Immigration Judge ("IJ") that denied his motion to reopen his in absentia deportation proceedings, rescind the in absentia deportation order, stay deportation, and change venue. Ojeda contends the BIA abused its discretion in denying his appeal because (1) he never received the notice of his deportation hearing; (2) the notice of hearing ("NOH") was statutorily deficient under 8 U.S.C. § 1252b(a)(3)(A) because it was written only in English and not also in Spanish; and (3) due process requires that a NOH be in a language the alien can understand. We DENY Ojeda's petition for review.

No. 12-60512

I

Ojeda is a native and citizen of Ecuador who entered the United States without inspection on or about April 12, 1995. The Immigration and Naturalization Service ("INS") personally served Ojeda with an order to show cause ("OSC"), written in English and Spanish, charging him with being subject to deportation. The order noted that a hearing would be calendared and that notice would be given to the address Ojeda provided.

At the hearing, the IJ ordered Ojeda released from custody on bond. Ojeda informed the IJ that upon his release he would reside with his friend Julio Alberto Ortiz in Astoria, New York. A NOH was delivered to Ojeda's attorney, Monty Roberson, informing him that a hearing was scheduled for June 1, 1995. Ojeda did not appear and Roberson withdrew as counsel.

A NOH, written in English and dated June 1, 1995, was sent by certified mail to the Astoria, New York address Ojeda provided notifying Ojeda that a deportation hearing was scheduled for June 22, 1995, in El Paso, Texas. The return receipt was signed by Delores Ortiz. When Ojeda did not appear at the hearing on June 22, 1995, the IJ ordered him removed to Ecuador in absentia.

On February 22, 2011, through counsel, Ojeda filed a motion to vacate the in absentia deportation order, to stay deportation, and for a change of venue so that he could apply for adjustment of status based on an approved immediate relative petition. The IJ denied the motion. Ojeda appealed the IJ's decision to the BIA. The Government moved for summary affirmance. The BIA dismissed the appeal, agreeing with the IJ's holding that Ojeda could be charged with notice of his deportation hearing. The BIA held Ojeda presented no exceptional circumstances warranting *sua sponte* reopening. The BIA rejected Ojeda's argument that the NOH was statutorily deficient, stating that he "ha[d] not

No. 12-60512

cited to any statute, regulation, or case law which requires a notice of hearing, sent after an OSC is issued, to be in Spanish." The BIA held that "even if this was required, [Ojeda] cannot establish prejudice because his whole claim is premised on the fact he did not ever receive the hearing notice." Ojeda filed a timely petition for review.

## II

We review the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The BIA's decision must be upheld as long as it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted). "[M]otions to reopen deportation proceedings are disfavored, and the moving party bears a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549–50 (5th Cir. 2006) (internal quotation marks and citation omitted). Nonetheless, whether an immigration proceeding violates due process is a purely legal issue, which we review de novo. *Ali v. Gonzales*, 440 F.3d 678, 681 (5th Cir. 2006) ("We review de novo claims of constitutional error in immigration proceedings.").

We review "the order of the BIA and will consider the underlying decision of the IJ only if it influenced the determination of the BIA." *Gomez-Palacios*, 560 F.3d at 358. Although we review questions of law de novo, we accord "deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." *Id.* We review the BIA's factual findings for substantial evidence, and we may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion. *Chun*

No. 12-60512

*v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

## III

First, Ojeda contends he is entitled to rescission of the in abstentia deportation order because he did not receive notice of his deportation hearing.

Because Ojeda's immigration proceedings were initiated prior to the 1996 amendments to the INA, we must apply the notice requirements set forth in former INA § 242B.  A deportation order entered in absentia may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) of this section." 8 U.S.C. § 1252b(c)(3)(B) (repealed 1996).  At the time the IJ issued the deportation order in this case, subsection (a)(2) required that,

> in the case of any change or postponement in the time and place of [deportation] proceedings, written notice shall be given in person to the alien (or, if personal service is not practicable,[1] written notice shall be given by certified mail to the alien or to the alien's counsel of record, if any) of—(i) the new time or place of the proceedings, and (ii) the consequences under subsection (c) of this section of failing, except under exceptional circumstances, to attend such proceedings.

8 U.S.C. § 1252b(a)(2) (repealed 1996).[2]

On a motion to reopen, in contrast to the standard for the initial entry of an in absentia order, the focus is whether the alien actually received the required notice and not whether the notice was properly mailed. *Gomez-Palacios*, 560 F.3d at 360.  Nonetheless, when notice is sent by certified mail, there is a strong presumption of effective service. *Grijalva*, 21 I.&N. Dec.

---

[1] Personal service is deemed impracticable when the respondent is not in immigration court before the IJ.  *Matter of Grijalva*, 21 I.&N. Dec. 27, 35 (BIA 1995).

[2] A similar provision is now found at 8 U.S.C. § 1229a(b)(5)(C)(ii) (2013).

No. 12-60512

at 37. To overcome that presumption the alien must "present substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery" or nondelivery. *Id.* "There is no requirement that the certified mail return receipt be signed by the alien or a responsible person at his address to effect service." *Id.* at 34. "A bald and unsupported denial of receipt of certified mail notices is not sufficient to support a motion to reopen to rescind an in absentia order" under § 1252b. *Id.* at 37. If the NOH "reaches the correct address but does not reach the alien through some failure in the internal workings of the household, the alien can be charged with receiving proper notice." *Matter of G-Y-R-*, 23 I. & N. Dec. 181, 189 (BIA 2001).

The record reflects that the NOH was delivered via certified mail to the address Ojeda provided. Neither Delores Ortiz nor anyone else knowledgeable about the relevant facts submitted an affidavit. Ojeda's unsupported denial of receipt of the certified mail notice is insufficient to rebut the presumption of effective service. As such, we cannot say the BIA's decision that Ojeda could be charged with receipt of the NOH is utterly without foundation or arbitrary.

**IV**

Second, Ojeda contends he is entitled to rescission of the in absentia deportation order because the NOH was not written in both English and Spanish, as required by statute.

The BIA held, "the respondent has not cited to any statute, regulation, or case law which requires a notice of hearing, sent after an OSC is issued, to be in Spanish. Further, even if this was required, the respondent cannot establish prejudice because his whole claim is premised on the fact he did not ever receive the hearing notice."

5

No. 12-60512

At the time of Ojeda's deportation proceedings, § 1252b(a)(3)(A) (repealed 1996) required that "[e]ach order to show cause or other notice under this subsection [subsection (a)] . . . shall be in English and Spanish."   "Other notices" under subsection (a) included NOHs indicating the date and time of deportation proceedings had been changed or postponed.  8 U.S.C. § 1252b(a)(2). Therefore, § 1252b(a)(3)(A) clearly required that the NOH Ojeda received be printed in both English and Spanish.  Ojeda cited and quoted § 1252b(a)(3)(A) in his motion to reopen and in his brief to the BIA.  The Government does not contest that the NOH Ojeda received was only in English.  Ojeda has established that the NOH was statutorily deficient and the portion of the BIA's decision holding that Ojeda cited to no statute requiring an NOH to be in Spanish is "utterly without foundation in evidence."  *Singh*, 436 F.3d at 487.

Accordingly, we turn to consider the BIA's alternative holding that even if the NOH was statutorily required to be printed in both English and Spanish, because Ojeda cannot show prejudice as he claims he did not receive the NOH, he is not entitled to rescission of his deportation order.  It is well-settled that the decision whether to grant Ojeda's motion to reopen his deportation proceedings was purely discretionary.  *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). An in absentia order of deportation "*may* be rescinded only . . . upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) of this section [1252b]."  8 U.S.C. § 1252b(c)(3)(B) (emphasis added).  Ojeda has cited no authority supporting his contention that a violation of § 1252b(a)(3) *requires* vacation of an in abstentia deportation order.  We cannot say the BIA's holding affirming the IJ's decision that Ojeda is not entitled to rescission of his deportation order because he did not show prejudice is unreasonable.  *Zhao*, 404 F.2d at 303. ("[A]n 'Immigration

6

No. 12-60512

Judge has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief.'" (quoting 8 C.F.R. § 1003.23(b)(3) (2003))).

Second, we agree with the BIA that Ojeda was not prejudiced by the INS's failure to print the NOH in Spanish. In his affidavit, Ojeda alleges that he never received the NOH. Ojeda did not submit an affidavit from Ortiz alleging that she was unable to understand or deliver the NOH to Ojeda because it was not printed in Spanish. Therefore, even accepting the facts alleged by Ojeda, the fact the NOH was printed only in English did not prejudice Ojeda. Accordingly, we cannot say the BIA's holding that Ojeda is not entitled to rescission of his deportation order because he was not prejudiced by the statutory violation is utterly without foundation or arbitrary.[3]

## V

Third, Ojeda contends due process requires the NOH to be in a language that the alien can understand. Due process allows notice of a hearing to be given solely in English to a non-English speaker if the notice would put a reasonable recipient on notice that further inquiry is required. *Nazarova v. I.N.S.*, 171 F.3d 478, 483 (7th Cir. 1999) (holding NOH written in English for an alien who spoke only Russian satisfied due process); *see also Soberal-Perez v. Heckler*, 717 F.2d

---

[3] We recognize a possible tension exists between the BIA's holding that Ojeda could be charged with receipt of the NOH and its holding that Ojeda was not prejudiced by the statutorily deficient NOH because in his affidavit Ojeda alleges he never received the NOH. Nonetheless, we are satisfied this result does not amount to an abuse of discretion by the BIA. Ojeda contends he is entitled to rescission of his deportation order because he did not receive the NOH, or alternatively, because the NOH he received was statutorily deficient. Because the Government sent the NOH by certified mail, Ojeda's affidavit, standing alone, failed to rebut the presumption of effective service. *Grijalva*, 21 I.&N. Dec. at 37. Further, as Ojeda claims in his affidavit that he never received the NOH, we cannot say the BIA's holding that Ojeda failed to show prejudice was utterly without foundation or arbitrary.

No. 12-60512

36, 43 (2d Cir. 1983) ("[A] rule placing the burden of diligence and further inquiry on the part of a non-English-speaking individual served in this country with a notice in English does not violate any principle of due process."); *Carmona v. Sheffield*, 475 F.2d 738, 739 (9th Cir. 1973) (holding due process does not require California to translate its notice of rights under unemployment laws for non-English speakers). Accordingly, the BIA did not err in holding the NOH comported with due process.

## VI

For these reasons, we DENY Ojeda's petition for review.