# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2014

Lyle W. Cayce
Clerk

No. 13-60709
Summary Calendar

MAN BAHADUR TAMANG, also known as Man Bahodor Tamang,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 536 083

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Man Bahadur Tamang (Tamang), a native and citizen of Nepal, seeks review of a decision of the Board of Immigration Appeals (BIA) dismissing the appeal of the denial of his 2013 motion to rescind the in absentia removal order and reopen his removal proceedings that were initiated in 2006. We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Factual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60709

findings are reviewed for substantial evidence and determinations of law are reviewed de novo. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Under the substantial evidence standard, reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted). Where, as here, the BIA decision is influenced by the decision of the Immigration Judge (IJ), we also consider the IJ's findings of fact and conclusions of law. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

## LACK OF NOTICE

Removal proceedings under 8 U.S.C. § 1229a shall be initiated by written notice given in person to the alien, or, if personal service is not practicable, through service by mail to the alien or his counsel of record. 8 U.S.C. § 1229(a)(1). An in absentia removal order may be rescinded upon a motion to reopen at any time if the alien establishes that he did not receive notice in accordance with § 1229(a)(1) or (2). § 1229a(b)(5)(C)(ii); *Maknojiya v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005). In this case, there is no dispute that Tamang was personally served with the notice to appear at the hearing. Tamang argues that he did not receive adequate notice because he received the notice in English and Hindi, languages he does not understand. Tamang has presented no legal argument to support his assertion that he must have been given notice in Nepali. Contrary to his assertion, "[d]ue process allows notice of a hearing to be given solely in English to a non-English speaker if the notice would put a reasonable recipient on notice that further inquiry is required." *Ojeda-Calderon v. Holder*, 726 F.3d 669, 675 (5th Cir. 2013). Tamang has not shown that the BIA abused its discretion on this point.

No. 13-60709

CHANGED COUNTRY CONDITIONS

Ordinarily, a motion to reopen must be filed in the BIA "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."  8 C.F.R. § 1003.2(c)(2).  No time bar applies, however, if the motion is based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence [of change] is material and was not available and could not have been discovered or presented at the previous hearing." § 1003.2(c)(3)(ii).  Tamang argues that he is entitled to the reopening of his removal proceedings on the basis of changed country conditions in Nepal since the time of his original removal proceedings in 2006.  Both the BIA and the IJ rejected this argument because Tamang based his assertion of changed conditions on incidents occurring before he entered the United States.  To support his current petition, Tamang cites only to the evidence which cannot be considered because it was not presented to the IJ.  *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 409-10 (5th Cir. 2010).  He has not shown that the BIA abused its discretion on this basis.

Finally, we lack jurisdiction to review the BIA's discretionary refusal to reopen the removal proceedings via its sua sponte authority.  *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008).  Accordingly, the petition for review is DENIED, in part, and DISMISSED, in part.