# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60082
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2017

Lyle W. Cayce
Clerk

LUZ AMELIA PENA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 077 432

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Luz Amelia Pena, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) upholding the denial of her motion to reopen removal proceedings. Pena challenges the BIA's determination that she failed to show a material change in country conditions.

Pena entered the United States in 2003 without admission, parole, or inspection, and an immigration judge (IJ) ordered her removed. When Pena

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reentered the United States in 2013, the Department of Homeland Security reinstated the prior removal order, but released her under an order of supervision. Pena moved to reopen her removal proceeding based on a material change in country conditions under 8 U.S.C. § 1229a(c)(7)(C)(ii). She sought to apply for asylum, withholding of removal, and protection under the Convention Against Torture. The IJ denied the motion, and the BIA dismissed her appeal.

We review the BIA's decision under "a highly deferential abuse-of-discretion standard" and will uphold the BIA's decision "as long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Ojeda-Calderon v. Holder*, 726 F.3d 669, 672 (5th Cir. 2013). "[W]e may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Id.* at 672-73; *see* 8 U.S.C. § 1252(b)(4)(B).

We have reviewed the briefs and the record. Pena fails to show that the BIA's determination that country conditions in El Salvador have not materially changed constituted an abuse of discretion. *See Ojeda-Calderon*, 726 F.3d at 672. Accordingly, Pena's motion to reopen was subject to the 90-day time limit in § 1229a(c)(7)(C)(i), which expired in 2003, and we DENY the petition for review, *see Ojeda-Calderon*, 726 F.3d at 672.