# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60416
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2017

Lyle W. Cayce
Clerk

CONCEPCION GONZALEZ-DE MENDOZA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A073 241 950

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Concepcion Gonzalez-De Mendoza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals (BIA) decision affirming the immigration judge's (IJ) denial of her January 2015 motion to reopen her removal proceedings and to rescind her removal order entered *in absentia* in October 1994. An immigration court's denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard". *Gomez-*

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-60416

*Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  The factual findings are reviewed for substantial evidence.  *Ojeda-Calderon v. Holder*, 726 F.3d 669, 672–73 (5th Cir. 2013); *Lopez-Dubon v. Holder*, 609 F.3d 642, 645 (5th Cir. 2010).

Gonzalez contends the BIA abused its discretion in denying her motion to reopen and rescind her *in absentia* deportation order by finding the hearing notice was personally served.  She contends the BIA ignored an absence of indication that she actually received notice of the rescheduled hearing on 31 October 1994.  Gonzalez also contends the BIA abused its discretion by ignoring that she did not receive notice of the hearing by certified mail.  She further asserts the BIA abused its discretion by failing to consider the factors outlined in *Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (BIA 2008).

Under the rules applicable to immigration cases commenced prior to 30 September 1996, *in absentia* deportation orders may be rescinded only if the alien files a motion to reopen within 180 days after the date of the order of deportation, showing exceptional circumstances for her failure to appear, or at any time files a motion to reopen demonstrating that she did not receive notice of the hearing.  8 U.S.C. § 1252b(c)(3) (West 1993) (repealed 30 Sept. 1996); *see also Ojeda-Calderon*, 726 F.3d at 673 ("Because Ojeda's immigration proceedings were initiated prior to the 1996 amendments to the INA, we must apply the notice requirements set forth in former INA § 242B.").  Notice may be by personal service or certified mail.  8 U.S.C. § 1252b(a)(2)(A) (West 1993) (repealed) (requiring the INS to provide written notice of the deportation hearing "in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien or to the alien's counsel of record, if any)"); *Ojeda-Calderon*, 726 F.3d at 673.

No. 16-60416

For a motion to reopen, we focus on whether the alien actually received the required notice. *Ojeda-Calderon*, 726 F.3d at 673. The alien bears the burden to demonstrate she did not receive notice. 8 U.S.C. § 1252b(c)(3) (West 1993); *Ojeda-Calderon*, 726 F.3d at 673.

The IJ and the BIA determined Gonzalez was personally served with the notice of hearing when she appeared in immigration court on 28 September 1994, based on the notice in the record on which the clerk noted personal service. The IJ noted Gonzalez had not contended she was not personally served with this hearing notice. The BIA presumed the clerk who noted Gonzalez was personally served on 28 September properly discharged his duties. Substantial evidence in the record supports the finding that Gonzalez was personally served with the notice of hearing. *See Lopez-Dubon*, 609 F.3d at 647. Accordingly, the BIA did not abuse its discretion in affirming the IJ's denial of her motion to reopen and dismissing her appeal. *See Gomez-Palacios*, 560 F.3d at 358, 361.

Gonzalez' reliance on *M-R-A-* is mistaken. In *M-R-A-*, the BIA sustained the alien's appeal, finding the alien had overcome the "weak" presumption that he had received a notice of hearing sent to him by regular mail. 24 I. & N. Dec. at 676. Needless to say, because substantial evidence supports the BIA's finding Gonzalez was personally served with notice informing her of the 31 October 1994 hearing, *M-R-A-* and its discussion of what evidence can be used to overcome the presumption of delivery by regular mail does not apply.

DENIED.

3