<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 18a0395n.06

No. 17-4227

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

XINQUAN ZHONG,

        Petitioner,

v.

JEFFERSON B. SESSIONS, III, Attorney
General,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Aug 07, 2018
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

BEFORE: SUHRHEINRICH, CLAY, and GIBBONS, Circuit Judges.

PER CURIAM. Xinquan Zhong petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ) denial of his motion to reopen his removal proceedings and rescind an *in absentia* removal order. As set forth below, we deny the petition for review.

Zhong, a native and citizen of China, purportedly entered the United States in 1993. On August 16, 1999, the former Immigration and Naturalization Service (INS) arrested Zhong and personally served him with a notice to appear (NTA) in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). The NTA, which Zhong signed, ordered him to appear before an IJ upon notification of a hearing, advised him of his obligation to provide the INS with his address and notify the Immigration Court of any change of address, and warned him that the IJ could enter a removal order in his absence if he failed to appear for a scheduled hearing. The NTA listed

Zhong's address as 15492 Garrison Lane, Southgate, Michigan 48195. On that same day, the INS served Zhong with other documents, including a record of deportable/inadmissible alien (Form I-213); an order of release on recognizance (Form I-220A); a notice to appear, bond, and custody processing sheet (Form I-265); and a notice of rights and request for disposition (Form I-826). Each of these forms indicates that a telephonic interpreter provided translation into Cantonese. In signing Form I-220A, Zhong acknowledged that he "had interpreted and explained to [him] in the Cantonese Chinese language" the conditions of his release, which included the requirement that he "must not change [his] place of residence without first securing written permission."

On January 27, 2000, the Immigration Court mailed a hearing notice to the Garrison Lane address, informing Zhong that a hearing had been scheduled for May 3, 2000. When he failed to appear for the hearing, the IJ ordered Zhong's removal to China *in absentia*. *See* 8 U.S.C. § 1229a(b)(5)(A).

Seventeen years later, Zhong filed a motion to reopen his removal proceedings and rescind the *in absentia* removal order. Zhong asserted that he did not receive the hearing notice and that he was not advised in a language that he could understand about the responsibility to update his address or the consequences of failing to appear.

Denying Zhong's motion to reopen, the IJ agreed with the government that Zhong "received proper service of his NTA and that any failure to receive his hearing notice was due to his own failure to comply with his statutory obligation" to update his address. The IJ found that the NTA informed Zhong of his obligation to notify the Immigration Court about any change of address and warned him of the consequences of failing to do so. Because Zhong failed to update his address and failed to attend his hearing, the IJ concluded, he was properly ordered removed *in absentia*.

On appeal, the BIA affirmed the IJ's decision to deny Zhong's motion to reopen and dismissed the appeal. The BIA rejected Zhong's argument that he was not sufficiently notified of the initiation of removal proceedings because the NTA was not written or explained to him in his native language. The BIA determined that the NTA was not required to be written or explained in Zhong's native language, *see* 8 U.S.C. § 1229(a)(1), and that any failure to provide a translation did not render the NTA insufficient. The BIA further found that the NTA advised Zhong of his obligation to provide the Immigration Court with his current address and that, due to his failure to comply with that obligation, he was not entitled to actual notice of the hearing. *See* 8 U.S.C. §§ 1229(a)(1)(F), 1229a(b)(5)(B). Because Zhong did not exercise due diligence, filing his motion to reopen his case seventeen years after the hearing, the BIA declined to equitably toll the 180-day deadline for filing a motion to reopen and also declined to reopen the proceedings sua sponte.

This timely petition for review followed. "Where, as here, the BIA provides its own reasoning for the denial [of a motion to reopen], rather than summarily affirming the IJ, we review only the BIA's decision." *Thompson v. Lynch*, 788 F.3d 638, 642 (6th Cir. 2015). We review the BIA's decision for abuse of discretion. *Id*. The BIA abuses its discretion if its decision "was made 'without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Camaj v. Holder*, 625 F.3d 988, 991 (6th Cir. 2010) (quoting *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006)).

Zhong first argues that his obligations were not communicated to him in a manner that satisfied due process. Zhong concedes that he was personally served with the NTA, but asserts that he had no actual notice of his obligations because he is not fluent in written or spoken English. On the same day that Zhong received the NTA, the INS served him with other documents stating

that a telephonic interpreter provided translation into Cantonese. As noted previously, Zhong signed a form acknowledging that he "had interpreted and explained to [him] in the Cantonese Chinese language" the conditions of his release, which included the requirement that he "must not change [his] place of residence without first securing written permission." The record demonstrates that Zhong was provided an interpreter and that he was notified of his obligation to update his address with immigration officials.

In any event, as the BIA pointed out, the Immigration and Nationality Act (INA) does not require the NTA to be written or explained in an alien's native language. *See* 8 U.S.C. § 1229(a)(1). Zhong has failed to cite any authority holding that an alien must be provided a translation of the NTA to satisfy due process. Rather, courts have held that, "[i]n the immigration context, personal service in English to a non-English-speaker typically satisfies due process because it puts the alien on notice that further inquiry is needed, leaving the alien to seek help from someone who can overcome the language barrier." *Singh v. Holder*, 749 F.3d 622, 626 (7th Cir. 2014); *see Ojeda-Calderon v. Holder*, 726 F.3d 669, 675 (5th Cir. 2013) ("Due process allows notice of a hearing to be given solely in English to a non-English speaker if the notice would put a reasonable recipient on notice that further inquiry is required."). The BIA did not abuse its discretion in determining that Zhong received sufficient notice of the removal proceedings and his obligations under the INA.

Zhong next argues that the BIA failed to consider all of the relevant evidence he presented. Zhong points to his affidavit, which states that he never received the hearing notice, that the Garrison Lane address listed on the NTA was his former work address, and that his former boss never informed him about receiving any hearing notices. The BIA specifically considered these assertions in Zhong's affidavit. The BIA went on to find that the NTA advised Zhong of his

obligation to provide the Immigration Court with his current address and that, because he failed to comply with that obligation, he was not entitled to actual notice of the hearing. *See* 8 U.S.C. § 1229a(b)(5)(B); 8 C.F.R. §§ 1003.18(b), 1003.26(d); *see also Sanchez v. Holder*, 627 F.3d 226, 233 (6th Cir. 2010) ("[A]ctual receipt of a hearing notice is not required if an alien fails to keep his or her address current with the Immigration Court.").

Finally, Zhong contends that he has established exceptional circumstances and that equitable tolling applies to the 180-day deadline for filing a motion to reopen. An *in absentia* removal order may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). An alien seeking equitable tolling of that deadline must show due diligence in pursuing his "rights to file a motion to reopen or otherwise determine [his] immigration status." *Barry v. Mukasey*, 524 F.3d 721, 725 (6th Cir. 2008). The BIA found that Zhong had not exercised due diligence, pointing out that he filed his motion to reopen seventeen years after the hearing. Zhong apparently did nothing about his immigration status until he was arrested again by immigration officers. Given Zhong's lack of diligence, the BIA did not abuse its discretion in declining to apply equitable tolling to the 180-day deadline. In any event, Zhong's alleged circumstances—his youth at the time of entry, his lack of knowledge about immigration laws, and the incompetence of his prior counsel—do not rise to the level of "exceptional circumstances" under the INA. *See* 8 U.S.C. § 1229a(e)(1).

Zhong has failed to demonstrate any abuse of discretion in the denial of his untimely motion to reopen. Accordingly, we **DENY** Zhong's petition for review.