# United States Court of Appeals
# for the Fifth Circuit

No. 19-60358
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 22, 2020

Lyle W. Cayce
Clerk

CANDELARIA HERNANDEZ,

*Petitioner*,

*versus*

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 529 944

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:[*]

Candelaria Hernandez, a native and citizen of Mexico, petitions this court for review of an order of the Board of Immigration Appeals (BIA) that denied her motion to reopen after concluding that she had not shown she pursued her rights with due diligence and thus was not entitled to equitable

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

tolling of the period to file her motion to reopen. She argues that the BIA erred by not considering whether she had shown extraordinary circumstances to warrant equitable tolling and by alternately concluding that her failure to file a new application for relief also warranted denying her motion.

A motion to reopen an order of removal must be filed within 90 days of entry of the order, but this time period is subject to equitable tolling. 8 U.S.C. § 1229a(c)(7)(C)(i); *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-44 (5th Cir. 2016). Equitable tolling is warranted when one establishes both that she has diligently pursued her rights and that extraordinary circumstances prevented timely filing. *Id.* at 344 (internal quotation marks and citation omitted).

Motions to reopen are highly disfavored, and one who brings such a motion has a heavy burden. *Ojeda-Calderon v. Holder*, 726 F.3d 669, 672 (5th Cir. 2013). This court reviews an immigration court's denial of a motion to reopen removal proceedings "under a highly deferential abuse-of-discretion standard." *Id.* (internal quotation marks and citation omitted). This standard dictates that the BIA's denial of the motion to reopen be upheld unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and citation omitted).

Hernandez has not met this stringent standard. Our review shows no abuse of discretion in connection with the BIA's determination that she had not established due diligence and its concomitant denial of her motion to reopen. *See id.* Because she shows no abuse of discretion in connection with the BIA's diligence determination, we need not consider her remaining

No. 19-60358

arguments. *See Flores-Moreno v. Barr*, ___ F.3d ___, 2020WL4931651, 2 (5th Cir. Aug. 24, 2020).  The petition for review is DENIED.