# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 21, 2020

Lyle W. Cayce
Clerk

No. 19-60573
Summary Calendar

———————

Glendy Yocelin Pineda-Sabillon,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 242 166

———————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Glendy Yocelin Pineda-Sabillon, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her appeal from the immigration judge's (IJ) denial of her motion to reopen her removal proceedings.  She claims the BIA erred by:  denying her motion

———————

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

to reopen, asserting the notice to appear (NTA) was statutorily deficient and insufficient to confer jurisdiction on the immigration court; and, failing to address her request to reopen proceedings *sua sponte*. The denial of a motion to reopen is reviewed under a very "deferential abuse-of-discretion standard". *Ojeda-Calderon v. Holder*, 726 F.3d 669, 672 (5th Cir. 2013).

Following Pineda's August 2014 entry into the United States without inspection, the Department of Homeland Security (DHS) served her with an NTA, stating she was removable for failure to comply with immigration requirements for entry into the country. After receiving a notice in April 2017 that her hearing was delayed for two years, but was likely to be rescheduled, she filed an application for, *inter alia*, asylum. The application included a different address than what DHS had on file. The immigration court sent Pineda notices about a hearing that were returned undeliverable, but she attended anyway, requesting a continuance and a change-of-address form. She was also informed at the hearing of her next one, set for 28 February 2018. After her failure to attend that hearing, the IJ entered an *in absentia* removal order, which Pineda received by mail. The IJ denied her motion to reopen and the BIA dismissed her appeal.

Pineda contends her NTA was defective because it did not state the time and place of her removal proceedings. Consequently, she asserts: she did not receive proper statutory notice of her removal hearing; and the NTA was insufficient to confer jurisdiction on the immigration court. Thus, she claims our court should reverse the BIA's judgment under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).

Our court has rejected similar notice-and-jurisdictional challenges to the adequacy of an NTA and concluded that *Pereira* is limited to the context of the stop-time rule for purposes of cancellation of removal. *See Pierre-Paul v. Barr*, 930 F.3d 684, 689–93 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950

(U.S. Apr. 27, 2020) (No. 19-779); *see also Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2767 (2019). Pineda has therefore failed to show the BIA committed legal error in dismissing her appeal on this basis. *See Ojeda-Calderon*, 726 F.3d at 672. (In the light of our above precedent, Pineda raises the foregoing issue here to preserve it for possible further review.)

With respect to Pineda's other issue, our court lacks jurisdiction to decide her claim that the BIA should have exercised its discretionary authority to reopen the proceedings *sua sponte*. *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206–07 (5th Cir. 2017).

DISMISSED IN PART AND DENIED IN PART.