# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2020

Lyle W. Cayce
Clerk

No. 19-60737
Summary Calendar

Agustin Garcia, *also known as* Agustin Garcia Rangel, *also known as* Agustin Rangel Garcia,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 988 418

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Agustin Garcia, a native and citizen of Mexico, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his motion to reopen. He

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

argues the BIA erred in adopting the IJ's conclusion that he did not exercise due diligence in pursuing his case and thus was not entitled to equitable tolling of the period to file his motion to reopen.

This court reviews the BIA's decision and the IJ's ruling, to the extent it affects the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review the denial of a motion to reopen removal proceedings "under a highly deferential abuse-of discretion standard" and will uphold the denial unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Ojeda-Calderon v. Holder*, 726 F.3d 669, 672 (5th Cir. 2013) (internal quotation marks and citation omitted).

A motion to reopen an order of removal must be filed within 90 days of entry of the order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), but this time period is subject to equitable tolling, *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-44 (5th Cir. 2016). Equitable tolling is warranted when an alien establishes that he has diligently pursued his rights and that some extraordinary circumstance prevented timely filing. *Id.* at 344.

Garcia waited more than seven years after he was ordered removed to consult an attorney about potential relief, did not adequately explain why he failed to pursue relief during that seven-year period, and did not explain why he did not appeal the removal order despite reserving his appeal rights. Accordingly, the BIA did not abuse its discretion by affirming the denial of his motion to reopen as untimely based on his failure to establish the diligence required for equitable tolling. *See Gonzales-Cantu v. Sessions*, 866 F.3d 302, 305 n.4 (5th Cir. 2017). To the extent that Garcia argues that the BIA erred by adopting the IJ's conclusion without conducting its own analysis and by failing to address the substantive claims in his motion, his arguments are

No. 19-60737

without merit. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002).

Accordingly, Garcia's petition for review is DENIED.