# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2021

Lyle W. Cayce
Clerk

No. 20-60595
Summary Calendar

---

Ana C. Perez, *also known as* Ines Rosario Perez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 923 673

---

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Ana C. Perez is a native and citizen of Guatemala who has filed a petition for review with this court challenging a decision of the Board of Immigration Appeals (BIA) denying her motion to reopen her removal proceedings in order to apply for asylum. She argues that the denial was

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60595

erroneous because she showed that conditions in Guatemala, especially for women, have deteriorated, leading her to fear for her safety even more than she did previously. She also contends that the BIA infringed her due process rights because it did not give her claim proper consideration.

Motions to reopen are disfavored, and one who brings such a motion has a heavy burden. *Ojeda-Calderon v. Holder*, 726 F.3d 669, 672 (5th Cir. 2013). Accordingly, the denial of a motion to reopen is reviewed under "a highly deferential abuse-of-discretion standard." *Id.* (internal quotation marks and citation omitted). Under this standard, the denial will be upheld even if this court concludes that it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (citation omitted). A motion to reopen may be denied if the alien fails to make a prima facie showing that he is entitled to the underlying substantive relief requested. *I.N.S. v. Abudu*, 485 U.S. 94, 104 (1988).

The record shows no abuse of discretion in connection with the denial of the motion to reopen but instead shows that the BIA applied the relevant law to the facts in front of it. *See id.*; *Zhao*, 404 F.3d at 303-04. Perez's due process claim fails for want of a showing of substantial prejudice. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020). The petition for review is DENIED.