# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2022

Lyle W. Cayce
Clerk

No. 20-61238
Summary Calendar

DADA SHEYI MICAH; TOLULOPE VICTORIA AGBONA,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 971 311
BIA No. A215 971 312

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Dada Sheyi Micah and Tolulope Victoria Agbona, natives and citizens of Nigeria, petition for review of a decision by the Board of Immigration Appeals (BIA) affirming the denial by an Immigration Judge (IJ) of their

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-61238

motion to reopen and to rescind the in absentia removal orders entered against them. The petitioners argue that the BIA and IJ abused their discretion by denying the motion to reopen because they demonstrated both a lack of notice and exceptional circumstances to justify reopening.

In reviewing the BIA's decision, we are "not permitted to consider reasons" for the BIA's decision "other than those it advanced." *Kwon v. INS*, 646 F.2d 909, 916 (5th Cir. 1981). Because the BIA based its decision on the petitioners' failure to demonstrate that they did not receive proper notice, only that issue is before us. *See Kwon*, 646 F.2d at 916.

When reviewing the denial of a motion to reopen, we employ "a highly deferential abuse-of-discretion standard" and must uphold the BIA's decision "as long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Ojeda-Calderon v. Holder*, 726 F.3d 669, 672 (5th Cir. 2013) (internal quotation marks and citations omitted). An in absentia removal order may be rescinded through a motion to reopen if the alien demonstrates that he failed to appear because he did not receive notice in accordance with 8 U.S.C. § 1229(a)(1) and (2). *See* 8 U.S.C. § 1229a(b)(5)(C)(ii).

Here, the petitioners admit they received a notice of hearing setting their next hearing for January 15, 2020, but they contend that they did not receive proper notice because the immigration court's automated phone line and court clerk erroneously informed them that no hearing was scheduled. Because the petitioners admit that they received notice in accordance with the statutory requirements, the BIA and IJ did not abuse their discretion by denying the motion to reopen for lack of notice. *See* § 1229a(b)(5)(C)(ii); *Ojeda-Calderon*, 726 F.3d at 672; *see also* § 1229(a)(2).

Given the foregoing, the petition for review is DENIED.