# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60802
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2017

Lyle W. Cayce
Clerk

ALFREDO ALEXANDER BENITES-FERNANDES,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 683 747

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

Alfredo Alexander Benites-Fernandes, a native and citizen of Honduras, seeks review of a decision by the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of his motion to reopen removal proceedings. Alleging that he did not receive notice of the hearing at which he was ordered removed in absentia, Benites-Fernandes contends that the denial of his motion constitutes reversible error. In addition, he asserts in a single

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence that the IJ erred in ruling that he had not made a prima facie showing of his entitlement to withholding of removal and in not permitting him to pursue his claim.  He has not challenged the refusal by the IJ and BIA to sua sponte reopen the proceedings, and any such argument is abandoned.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

With respect to the denial of the motion to reopen based on a lack of notice, we review such a ruling under "a highly deferential abuse-of-discretion standard."  *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  We review questions of law de novo and factual findings for substantial evidence. *Id.*

Benites-Fernandes has not shown that the IJ and BIA abused their discretion in denying his motion to reopen.  *See id.*  The immigration courts correctly applied the slight presumption of delivery applicable to notices sent via regular mail.  *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 672-73 (BIA 2008). In his affidavit, the only evidence presented in support of his assertion of non-receipt, Benites-Fernandes asserted that he had failed to receive the notice because his "sponsor" had died.  As the IJ and BIA found, the record reflected that the notice of hearing was sent to the address provided by Benites-Fernandes to immigration officials, which was not the same address as that listed for his "sponsor."   Benites-Fernandes does not explain how his "sponsor's" death would affect a notice sent to an address provided by Benites-Fernandes himself, which was not that of the "sponsor."  In addition, although Benites-Fernandes asserted that his "sponsor" died in 2011, the notice of hearing was sent by regular mail in November 2010.  The evidence presented does not compel a conclusion that Benites-Fernandes did not receive the notice of hearing.  *See Ojeda-Calderon v. Holder*, 726 F.3d 669, 672-73 (5th Cir. 2013).

No. 16-60802

As for Benites-Fernandes's challenge to the denial of his request for withholding of removal, his single sentence within the brief, with no reasons for his assertion of error and no citations to the record or to legal authorities, is inadequately briefed.  *See* FED. R. APP. P. 28(a)(8)(A).  Moreover, although Benites-Fernandes asserts that the IJ erred in her denial of relief, the BIA concluded that Benites-Fernandes was not entitled to withholding of removal on different grounds than those found by the IJ; thus, we would not review the IJ's ruling on this issue.  *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Even if we were to construe Benites-Fernandes's brief as challenging the BIA's adverse ruling, he would not be entitled to relief.  The time limitations on filing a motion to reopen do not apply if the reason for the motion is to seek immigration relief based on a change in the conditions of the country of nationality, assuming that the evidence was material and was not available or discoverable at the time of the previous proceeding.  8 U.S.C. § 1229a(c)(7)(C)(ii).  Benites-Fernandes's application for relief, which asserted only that his family members in Honduras had faced extortion and gang threats, resulting in death and injury to some individuals, did not compare the current conditions to those existing at the time that the original removal hearing was scheduled; he therefore has not shown a material change in country conditions.  *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016).  As he has not made a prima facie case for relief, the BIA was within its discretion to deny the motion to reopen.  *See Matter of Coelho*, 20 I. & N. Dec. 464, 471 (BIA 1992); *accord INS v. Doherty*, 502 U.S. 314, 323 (1992). Accordingly, the petition for review is DENIED.