# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-60770
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2018

Lyle W. Cayce
Clerk

IRMA ARACELY SIBRIAN-TORRES,

Petitioner

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 118 637

———————

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Irma Aracely Sibrian-Torres, a native and citizen of El Salvador, seeks review of a decision by the Board of Immigration Appeals (BIA) upholding the denial by an immigration judge (IJ) of her motion to reopen removal proceedings. Alleging that she did not receive notice of the hearing at which she was ordered removed in absentia, Sibrian-Torres contends that the denial of her motion constituted reversible error. She maintains that the original

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60770

address she provided to the immigration court remained a proper mailing address, despite her admission that she severed contact with the uncle in whose care her mail was to be sent.  In addition, Sibrian-Torres argues that because she stated that her mail was to be sent "in care of" her uncle, he had a responsibility to notify her of the Notice of Hearing and she was not required to update her information for the immigration court.  We decline to consider Sibrian-Torres's contentions, raised for the first time in her reply brief, that the lack of notice resulted from the agency's typographical error in the address used for the Notice of Hearing, that her lack of actual notice violated her right to due process, and that public interest weighs in favor of preventing her "wrongful" removal from the United States.  *See Diaz v. Sessions*, 894 F.3d 222, 226 n.2 (5th Cir. 2018); *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

We review the denial of a motion to reopen using "a highly deferential abuse-of-discretion standard."  *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  We review questions of law de novo and factual findings for substantial evidence.  *Ojeda-Calderon v. Holder*, 726 F.3d 669, 672-73 (5th Cir. 2013).

Sibrian-Torres has not shown that the IJ and BIA abused their discretion in denying her motion to reopen.  *See Villegas-Sarabia v. Sessions*, 874 F.3d 871, 876 (5th Cir. 2017), *cert. denied*, 2018 WL 2290257 (Oct. 9, 2018) (No. 17-1559); *Gomez-Palacios*, 560 F.3d at 358.  She was aware of her duty to provide the immigration court with a valid mailing address and to update her contact information if necessary.  *See* 8 U.S.C. § 1229(a)(1)(F); *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 205 (5th Cir. 2017).  Sibrian-Torres concedes that she failed to update her information despite fleeing from her father's residence and severing contact with his family, including the uncle receiving

No. 17-60770

her mail, several months before the sending of the Notice of Hearing. Because Sibrian-Torres was 16 years old at the time she arrived in the United States, she was properly personally served with the original Notice to Appear and was responsible for updating her contact information. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 645-47 (5th Cir. 2010). She cites to no authority for the proposition that directing her mail to be sent "in care of" a third party absolves her of this responsibility.

Sibrian-Torres has not established that the agency's decision was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006). As a result, her petition for review is **DENIED**.