# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2021

Lyle W. Cayce
Clerk

No. 19-60422
Summary Calendar

Marluce Soares-Lino,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 064 190

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:[*]

In 2005, Marluce Soares-Lino, a native and citizen of Brazil, was personally served with a Notice to Appear (NTA) charging her with being removable as an alien present in the United States without having been admitted or paroled. An immigration judge (IJ) later ordered Soares-Lino

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

removed in absentia after she failed to appear at her removal hearing.  More than 12 years later, Soares-Lino moved to reopen the removal proceedings and rescind the in absentia order, arguing that she did not receive proper notice of her removal hearing because the agents who processed her upon her entry into the United States spoke Spanish, not Portuguese, and she understood only basic things in Spanish.  She also requested that the IJ sua sponte reopen the proceedings and argued that a change in country conditions warranted reopening of the proceedings to allow her to file an application for asylum, withholding of removal, and protection under the Convention Against Torture.

The IJ denied her motion, and the Board of Immigration Appeals (BIA) dismissed her appeal.  In rejecting Soares-Lino's argument that she did not receive proper notice, the BIA noted that current law did not require the NTA to be in any language other than English, that Soares-Lino was personally served with the NTA, and that she failed to provide the immigration court with an address despite being notified both of her obligation to provide a mailing address and inform the court of any change of address and of the consequences of failing to do so and failing to appear at the hearing.  The BIA also agreed with the IJ's determination that the evidence did not reflect materially changed country conditions in Brazil sufficient to warrant reopening, noting, inter alia, that Soares-Lino failed to "make any meaningful comparison to the country conditions at the time of her hearing."  The BIA further determined that Soares-Lino failed to show that sua sponte reopening was warranted.

Soares-Lino now petitions this court for review of the BIA's dismissal of her appeal.  We note that she does not raise any argument challenging the BIA's determination that sua sponte reopening was not warranted and, thus, that issue is not addressed here.  Further, insofar as Soares-Lino asserts that the BIA failed to properly construe her arguments as raising a due process

concern, her challenge goes to the BIA's "act of decisionmaking." *Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009). Because Soares-Lino failed to raise this issue in the first instance in the BIA, she has failed to exhaust the issue, and we lack jurisdiction to consider it in the instant petition for review. *Id.* at 320-21; *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); 8 U.S.C. § 1252(d)(1).

Additionally, we have held "that no liberty interest exists in a motion to reopen, and therefore due process claims are not cognizable in the context of reopening proceedings." *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019). Thus, to the extent that Soares-Lino argues that the BIA's decision violated her due process rights, her claim is not cognizable. *See id.*

Nevertheless, we have held, in the context of the denial of a motion to reopen removal proceedings, that due process does not require that a notice of hearing be in a language that the alien understands. *See Ojeda-Calderon v. Holder*, 726 F.3d 669, 675 (5th Cir. 2013). While Soares-Lino argues that *Ojeda-Calderon* is distinguishable in that it pertained to a notice of hearing, as opposed to an NTA, which she contends is subject to more rigorous service requirements, there is no requirement that an NTA be in any language other than English, and she points to no precedent holding otherwise. Moreover, Soares-Lino, who was detained by border patrol agents, held for questioning, and presented with documents requiring a signature, would have been put on notice that further inquiry was required. *See id.* Further, although an alien in removal proceedings is entitled to service of a written notice setting forth, inter alia, the time and place of the removal hearing, 8 U.S.C. § 1229(a)(1)(G)(i), written notice of the removal hearing is not required if, as in this case, the alien fails to satisfy the requirement in § 1229(a)(1)(F) to provide an address where "the alien may be contacted respecting [removal] proceedings." § 1229(a)(2)(B). Because the lack of notice was due to Soares-Lino's failure to provide a mailing address, we will not reverse the

BIA's denial of a motion to reopen and rescind. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 360-61 (5th Cir. 2009). The fact that neither the NTA nor the oral warnings that Soares-Lino received were in her native Portuguese does not mean that she did not receive actual notice of the removal proceedings. *See id.* Accordingly, the BIA's determination that reopening was not warranted based on Soares-Lino's argument that she did not receive actual notice of the removal hearing was not an abuse of discretion. *See Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020).

We also conclude that the BIA did not abuse its discretion by determining that reopening was not warranted based on a change in country conditions. *See id.* An alien has "a heavy burden to show changed country conditions for purposes of reopening removal proceedings." *Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018). To establish a change in country conditions, the alien must make a meaningful comparison between the conditions in effect at the time of the removal hearing and those in existence at the time of the motion to reopen. *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016). Soares-Lino has not satisfied this burden.

The petition for review is DENIED in part and DISMISSED in part.